## McGrane *v.* Kennedy *et al.*

*(Common Pleas of New York City and County, General Term.* June 2, 1890.)

VENDOR AND VENDEE—DEFECTIVE TITLE.

 In a controversy submitted on agreed facts the question was whether defendants should be compelled to specifically perform a contract to purchase of plaintiff certain premises on Thirty-Eighth street, in the city of New York, title to which plaintiff claimed under a devise by one N. to his widow of all his interest "in and to certain lots in Thirty-Seventh street, in the city of New York, which I acquired from Chatfield H. Smith." The agreed case contained an admission that, in proceedings for probate of N.'s will, Chatfield H. Smith testified that he conveyed to testator real property on Thirty-Eighth street, that he never sold him any other real property, and that, as far as he knew, there was no other person bearing his name in New York city. *Held,* that the admission did not include a concession of the truth of Smith's testimony, and was not of itself sufficient to warrant the assumption that N. was not seised of real property in Thirty-Seventh street, and that, in the absence of such estoppel, plaintiff's title was not sufficiently free from doubt to justify a direction that defendants accept it.

Case submitted on agreed statement.

Action by Sarah A. McGrane against James Kennedy and Patrick Kennedy, for specific performance of a contract to purchase premises No. 538 West Thirty-Eighth street, in the city of New York.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*John Hardy,* for plaintiff. *Page & Taft,* for defendants.

BISCHOFF, J. A careful examination of the case agreed upon and submitted by the parties to this action shows that one James Nelson, at the date of his last will and testament, April 25, 1856, and at the time of his death, March 28, 1857, was the owner of certain real property, situate on West Thirty-Eighth street, in the city of New York, being the same premises described in the contract of sale forming a part of the case submitted; that the last will and testament of said James Nelson, upon due citation to the testator's heirs at law, was duly admitted to probate by the surrogate of the city and county of New York, on the 5th day of June, 1858, and contained the following devise to his widow, Mary Elizabeth Nelson, viz.: "*Second.* I give, devise, and bequeath to my wife, Mary Elizabeth Nelson, all the right, title, and interest I possess in and to certain lots in Thirty-seventh street, in the city of New York, which I acquired from Chatfield H. Smith, of the value of five thousand dollars ($5,000.)" It is through this devise and several mesne conveyances that the plaintiff claims title to the premises agreed to be sold by her to the defendants. Defendants declined to perform the contract on their part, and refused to accept the plaintiff's deed, alleging, as the ground for such refusal, that the premises agreed to be sold were not the premises devised to Mary Elizabeth Nelson. From the plaintiff's brief accompanying the case submitted it appears that the facts extrinsic to the last will and testament of James Nelson, upon which the plaintiff relies in support of her title, are that, at the time of making his last will and testament, and at the time of his death, James Nelson was seised of the Thirty-Eighth street premises, which had been conveyed to him on the 19th day of February, 1856, by one Chatfield H. Smith, and that said Chatfield H. Smith had never conveyed any other real property in the city of New York to the testator; and upon these alleged extrinsic facts the plaintiff contends that it was the intention of the testator, by the aforesaid devise to Mary Elizabeth Nelson, to devise to her the Thirty-Eighth street premises, and that the words "Thirty-Seventh street," in the devise, must be deemed to be an immaterial error in the description of the said premises. If the case agreed upon and submitted contained an explicit admission of the alleged extrinsic facts relied upon by the plaintiff, no difficulty would arise in the way of a judicial determination of the question then presented; but, in the absence of such an admission, the court will be compelled to sustain the defendants' refusal to perform the contract on their part,

and to accept the deed tendered by the plaintiff. The admission that there does not appear of record any conveyance to the testator of premises on Thirty-Seventh street is in itself not sufficient to warrant the court in assuming that James Nelson, the testator, was not seised of any real property on Thirty-Seventh street, the title to which he may have held under an unrecorded instrument. It is true that there appears in the case agreed upon an admission that Chatfield H. Smith, in the proceedings relative to the probate of the last will and testament of James Nelson, testified that he conveyed to the testator certain real property on Thirty-Eighth street; that he never sold him any other real property; and that he was the only person in the city of New York named Chatfield H. Smith of whom he knew. But this admission does not include a concession of the truth of Smith's testimony. Neither can it be successfully claimed that the testimony of Mr. Smith, in proceedings to obtain the probate of the last will and testament of James Nelson, has any binding force or effect or is controlling upon the heirs at law of James Nelson in any action or proceedings which may be instituted by them to recover real property, the title to which they may claim through him. There is no provision of law or rule of evidence which would justify a contention that the testimony of a particular witness in an action or proceeding to which some of the parties to another action or proceeding were parties is conclusive upon them, in such last-mentioned action or proceeding brought for a different purpose, and against different parties. It is the adjudication by judgment or decree which operates as an estoppel of record upon all the parties to the action or proceeding wherein such an adjudication was made. The proceeding brought to obtain the probate of the last will and testament of James Nelson had for its sole object the establishment of the validity of the paper propounded. It is not the province of the surrogate in probate proceedings to determine the effect of a last will and testament with the aid of extrinsic facts, when the testamentary disposition of the testator's property is clear and explicit, and does not trespass upon any legal restraint; and it does not appear from the case submitted that the surrogate, by the decree establishing the validity of the said will, undertook to do further. Eliminating from the case the admission that Chatfield H. Smith in the probate proceedings testified as stated, no facts remain which could serve to indicate that it was the intention of James Nelson, the testator, to devise to his widow, Mary Elizabeth Nelson, any property other than that particularly described in the devise itself, to-wit, property on Thirty-Seventh street, in the city of New York. The statement of facts agreed upon by the parties to this action is therefore entirely barren of any admission of facts or circumstances from which it can be successfully contended that the heirs at law of James Nelson are concluded by estoppel of record, resulting either from their voluntary act or the judgment or decree in judicial proceedings to which they were properly made parties, from asserting their claim to property of the testator which was not in express terms bequeathed or devised to others. In the absence of such estoppel of the heirs at law of said James Nelson, the plaintiff's title to the Thirty-Eighth street premises, agreed to be sold by her to the defendants, cannot be said to be so free from doubt as to justify a direction by this court that the defendants specifically perform the contract on their part, upon tender of performance by the plaintiff. Owing to the absence from the case submitted of the extrinsic facts relied upon by the plaintiff in support of her title, as hereinbefore explained, the court is constrained to answer the question propounded by the parties hereto in the negative, and judgment must therefore be awarded to the defendants, and against the plaintiff, for the sum of $555, and interest from the 17th day of October, 1889, that being the amount paid by them on account of the purchase money, and $75 damages accruing to defendants from plaintiff's inability to perform the contract on her part, together with the costs and disbursements of this action.